# SCHOOL BOARD OF PINELLAS COUNTY v McDERMOND
## Case No. 84-0893
State of Florida, Division of Administrative Hearings

February 14, 1985

## APPEARANCES OF COUNSEL

**Usher L. Brown** for petitioner.

**Robert F. McKee** for respondent.

## OPINION

STEPHEN F. DEAN, Hearing Officer.

This hearing was held pursuant to notice in Pinellas County Court-house on August 21, 1984, before Stephen F. Dean, assigned Hearing Officer with the Division of Administrative Hearings. This case was presented upon the administrative complaint filed by the School Board against McDermond charging McDermond with immorality and mis-

conduct in office contrary to Section 231.36(4), Florida Statutes, and Rules 6B-4.09 and 1.06, Florida Administrative Code. This Recommended Order was delayed because the transcript of proceedings was not forwarded.

## ISSUES

The primary issue is whether Respondent committed the acts as alleged. The factual allegations were that the Respondent had made obscene, unprofessional and inappropriate remarks of a sexual nature to a female student; that Respondent filed or caused to be filed a lawsuit against the complainant in this cause; that Respondent had the complainant in this cause turn around in front of the Respondent and a group of male students in the class and made comments concerning the fact she was a female; and lastly, that the Respondent failed to discipline a student who had allegedly grabbed the complainant by the breast in Respondent's class. The acts are alleged to be contrary to Section 231.36(4), and Rules 6B-4.09 and 1.06, Florida Administrative Code.

## FINDINGS OF FACT

1. Jamie Antonovich is a female student at Countryside High School, Pinellas County, Florida. She will be in the twelfth grade during the 1984-85 school year. Jamie Antonovich was a student at Countryside High School in the ninth grade where she was in the Respondent's manufacturing class. At that time she was 14 years of age. The manufacturing class was the only class which Antonovich had with the Respondent.

2. At the commencement of the manufacturing class sessions, the Respondent, noting that the roll for his class reflected that Jamie Antonovich was a male, called Antonovich to the front of the room and had her turn around in front of the students in the class. Respondent asked the male students "Does that look like a male to you?"

3. The Respondent does not dispute the fact that he filed a lawsuit against Antonovich, however, no evidence was presented as to the nature of this suit.

4. In April 1982, the Respondent did not punish the student Vernon Goins for grabbing Jamie Antonovich's breast while Goins and Antonovich were engaged in horseplay in class. The Respondent was not a witness to the incident and evidence existed that Antonovich had initiated the physical horseplay with Goins.

5. Antonovich testified that in the same month the Respondent asked

190

her sexually explicit questions and made sexually explicit comments to her. The Respondent denies making any sexually explicit comments to Antonovich or asking her sexually explicit questions. Neither Antonovich nor the Respondent are disinterested witnesses in this proceeding. Both witnesses are equally credible.

## CONCLUSIONS OF LAW

This order is entered pursuant to the authority of Section 120.57(1) and Section 231.36(4), Florida Statutes. A school board may discharge an employee from a continuing contract for immorality and misconduct in office. See, Section 231.36(4), (c), Florida Statutes. The School Board of Pinellas County has charged the Respondent with immorality and misconduct in office contrary to the cited statute. Rule 6B-4.09(2), Florida Administrative Code defines immorality as:

Conduct that is inconsistent with the standards of public conscience and good morals. It is conduct sufficiently notorious to bring the individual concerned or the education profession into public disgrace or disrespect and impair the individual's service in the community.

Subparagraph 3 of the same Rule defines misconduct in office as:

A violation of the Code of Ethics of the Education Profession and Principles of Professional Conduct for the Education Profession in Florida which is so serious as to impair the individual's effectiveness in the school system.

The administrative complaint alleges that the Respondent violated the aforementioned provisions of the rules and the statutes by having his student, Antonovich, stand up and turn around in front of his class, failing to discipline a student who grabbed Antonovich's breast, filing a civil lawsuit against Antonovich, and making sexually explicit comments and asking sexually explicit questions of Antonovich. The charges against Respondent are serious as are the penalties which may be assessed against him. The standard of proof of the charges is correspondingly high. The factual circumstances surrounding each of the allegations are discussed separately hereafter.

The Respondent had Antonovich stand up and turn around in front of a mostly male shop class (manufacturing class) at the beginning of the school year. This was the Respondent's response to Antonovich's having been included on the class roster as a male. Respondent's act in this regard was tasteless, showed poor judgment, and was embarrassing to Antonovich. However, the Respondent's conduct is not a violation of Rule 6B-1.01 or 6B-1.06, Florida Administrative Code. The issue here is not whether embarrassment occurred but the degree of embar-

191

rassment and poor judgment balanced against the penalty sought. The degree of the harm inflicted does not closely equal the penalty of denying the Respondent the right to practice his profession.

The facts revealed that the Respondent was not a witness to the student grabbing Antonovich's breast, and that Antonovich initiated the physical exchange between the students. Respondent's failure to discipline the student under the circumstances does not evidence a violation of the rules and statutes as charged.

The Respondent brought a civil action against Antonovich. The rules and regulations must be interpreted to balance the rights of students against the Respondent's access to the civil courts. The Florida Constitution indicates that all citizens will have equal access to the courts of the state. This is very basic right. The Petitioner has not cited and research has not revealed any specific provision of law eliminating the right of a teacher to sue a student. In the absence of a specific statute, the act of suing a student will not be deemed a violation of the code of ethics or the principles of professional conduct for the education profession in Florida.

Resolution of the last allegation must ultimately rest upon the burden of proof. As pointed out in the Petitioner's brief and referenced in the Respondent's brief, the testimony of the Respondent and that of his student, Antonovich, are directly in conflict. Both Antonovich and the Respondent are credible witnesses. Both the Respondent and Antonovich have an interest in the outcome of these proceedings. Contrary to Petitioner's arguments, one cannot infer the Respondent's guilt, it must be proven. The Petitioner in this cause bears the ultimate burden of persuasion; therefore, the factual allegations concerning the Respondent's alleged sexually explicit questions and comments to Antonovich are deemed not to be proven.

Both parties submitted posthearing findings of fact, which were read and considered. Those findings not incorporated herein, are not to be subordinate, cumulative, immaterial, unnecessary, or not supported by the evidence.

## RECOMMENDATION

Having found that the allegations of the administrative complaint, were not proven, it is therefore

RECOMMENDED:

That the administrative complaint against the respondent be dismissed.

192

DONE and ORDERED this 14th day of February, 1985, in Tallahassee, Florida.